## Indik v. Penngrove Building and Loan Association.

*John J. Sullivan,* for plaintiff; *Lionel T. Schlesinger,* for defendant.

SMITH, P. J., May 4, 1931.—This matter arises by the filing of preliminary objections to a bill in equity.

The bill avers that the plaintiff was the owner of twenty shares of stock in the defendant building and loan association; that he withdrew as such shareholder; that two checks were sent plaintiff by defendant (the shares being ten each in two different series), one for $437.50, being the amount paid in less a loan of $500 which the plaintiff had borrowed upon security thereof, and the second check for $280 for the amount paid in on the second series; that these checks were merely for the paid-in value of the shares of stock and did not contain any profits due upon said shares; that shortly thereafter the defendant matured an early series upon which only $150 per share had been paid at a matured value of $200 each and $50 profit; that the defendant had illegally denied the plaintiff any share of profit in the twenty shares of stock aforesaid, although profits on these shares were shown on the books of the defendant.

The prayer asks for an accounting of profits properly payable to the plaintiff and a payment for profits thereon.

The principal objection to the bill is that the checks sent plaintiff by defendant contained the statement "withdrawal value," which defendant contends is a full and complete accord.

The bill on its face is proper in form and states a good cause of action. The defense presented by defendant may be properly set forth as an answer to the bill but not as an objection to the bill.

The preliminary objections to the bill are dismissed and leave given the defendant to file an answer on the merits within fifteen days.